UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-20159-CR-GOLD/McALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE MIGUEL BATTLE, SR., et. al.,

    DEFENDANTS.
_____/

FILED by ___ D.C.
DEC 16 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATIONS AND ON STATUS CONFERENCE

**THIS MATTER** came before the Court on December 10, 2004 on the objections filed by the United States [D.E. # 888], and the Defense Management Committee [D.E. # 843], to the Report and Recommendations of the Magistrate Judge [D.E. # 799] relating to the allocation of cost of copying Non-Core Documents. Neither party objected to the well-reasoned report recommending the need for defense counsel to obtain copies of Non-Core Documents [with certain exceptions otherwise agreed to by the parties]. Rather, the issue on appeal related to the allocation of cost of production

1

among the parties.[1]

In the report, the Magistrate Judge ordered the Government to pay $20,000.00 of the cost of scanning and OCR-ing the Non-Core Documents [which roughly equals 20% of the estimated total cost]. The Government objected to the imposition of the $20,000.00 cost, while the Defense Management Committee also objected, claiming that the Government should bear the entire cost of production of the Non-Core Documents.

Upon oral argument and *de novo* review, I conclude that the Government's objections are legally correct to the extent that, under applicable Eleventh Circuit case law, it is not obligated to pay the cost of reproducing the Non-Core Documents, under the circumstances of this case, for those defendants retained by private counsel. Pursuant to *United States v. Friedman*, 688 F.2d 1364, 1366-67 (11th Cir. 1982), the district court has the discretion, however, to require the Government to provide indigent defendants with copies of discovery material, but the Government is "... not otherwise required to make copies of these items [for non-indigent defendants]." Cf. *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir.

---

[1] The Government in its objections raises concerns only as to Part IV of the Report.

2003).

Here, there is a good likelihood that the indigent defendants will be able to pay their proportionate share of the copying costs through interim cost allocations under the Criminal Justice Act and funding through the Office of the Federal Public Defender. In the event that funding is not available, the Government, due to the exceptional circumstances of this case, shall bear the pro rata cost of copying Non-Core Documents for those affected indigent defendants. I am guided in this decision by equitable principles including the reasonableness of the cost as compared to the attorney fees to be incurred for CJA counsel to individually review and copy the records; the likely hardship and and prejudice to indigent defendants to individually review and copy the records, and the need for efficient judicial disposition of criminal case. Accordingly, the Government's objections are granted in part and denied in part as stated above.

Given these exceptional circumstances of the case [as more fully addressed in the Magistrate Judge's Report], it is essential that the process of copying Non-Core Documents be undertaken as soon as possible in order for all defendants to complete discovery, file motions, and prepare for the trial scheduled to commence in January 9, 2006. By this Order, I hereby set forth

the following requirements to accomplish this goal:

(1) The deadlines set forth in the Magistrate Judge's Report and Recommendation at pages 20 through 22 are modified and the completion dates are revised follows: (a) Items 4 and 5 are to be completed by January 7, 2005; (b) Item 6 is to be completed by February 15, 2005; (c) Item 8(a) and (c) shall be completed by January 7, 2005, and (d) Item 11 [dealing with production of CD's with Non-Core Documents] shall be completed consistent with this Order.

(2) The Government shall require that the vendor on the Core Documents complete the OCR-ing and scanning by February 4, 2005. The Government shall file with the Court and the defendants a "notice of completion."

(3) As to the Non-Core Documents, there are approximately 67 boxes related to those four defendants who have entered guilty pleas. These boxes shall be separated by the Government and made available for inspection and copying by any defendant who desires to do so, but need not be scanned. It was represented at oral argument that only one defendant was interested in examining these boxes.

(4) At oral argument, the Government represented that approximately

4

three additional defendants (both CJA and private) may enter guilty pleas in the near future. This may reduce Non-Core Documents by an additional 80 boxes which do not need to be scanned. The Government has represented that these boxes will lose their relevance to the case as a whole in that the material will not pertain to any remaining defendant. The Government shall set aside these boxes for inspection and copying as well by any interested defendant.

(5) The private defendants shall pay their pro rata share (based on percentage of their number to the total of the defendants) of the Core Documents (in accordance with prior agreements) by February 1, 2005. The Defendant represented by the Federal Public Defender shall be obligated to pay his proportionate share by that date. As to the CJA defendants, they shall immediately apply for interim funding of their pro rata share of costs. As of this date, the Eleventh Circuit Court of Appeals has granted approval for interim funding (see attached letter from Circuit Judge Charles R. Wilson, dated December 10, 2004 approving interim reimbursement matters). Accordingly, the CJA counsel shall forthwith meet with the court administrator to prepare all necessary forms for this Court's signature, and for transmittal to the Eleventh Circuit Court of Appeals.

(6) A significant issue at oral argument concerned the bates stamping, OCR-ing and scanning of Non-Core Documents. Certain of these Non-Core Documents are to be scanned only, while other items (non-core checks and pen-register tapes) do not need to be scanned at all. The current vendor advised that the Non-Core Documents would not be available to the defendants until September 2, 2005, if a purchase order was issued immediately. This date is **unacceptable** to the Court because it likely will result in the postponement of the trial date. Accordingly, the Government is hereby ordered to immediately negotiate with the current vendor, or a new vendor, to complete the copying of the Non-Core Documents by **March 1, 2005**. The Government shall file a written status report on the status of its negotiations with the vendor(s) by December 31, 2004 and set forth in the report the new date of completion pursuant to a new purchase order. To assist in the effort, the Defense Management Committee shall prioritize in writing by December 28, 2004 those Non-Core Documents which are first required for copying based on the completed index already provided by the Government. These documents may be copied and received on a "rolling basis" as completed. All remaining Non-Core Documents that are not scanned are to be set aside by the Government for review and copying, if

necessary, at the defense expense in accordance with a protocol to be agreed to by the Government and the Defense Management Committee. The protocol shall be filed with the Court by December 31, 2004. A status conference on discovery shall be set by separate order of the Court in conjunction with oral argument on objections to the Magistrate Judge's report and recommendation [D.E. # 848]. An additional date for oral argument shall be set by separate order in the event there are objections concerning the defense motion to defer discovery.

(7) The Government has represented that any superseding indictment will essentially restructure the current indictment as compared to adding new counts or defendants. Accordingly, no additional discovery is likely because of a superseding indictment.

(8) The Defense Management Committee, by December 31, 2004, shall provide a proposal for the filing of all substantive motions. The intention of the Court is to hear and decide these motions by September 30, 2005, after review and recommendation by the Magistrate Judge. Motions may be filed on a "rolling basis" as Core Documents and Non-Core documents become available.

**WHEREFORE**, it is **ORDERED** that the Report and Recommendations

of the Magistrate Judge [D.E. # 799] are affirmed and adopted, except that the Government's objections as to allocation of costs imposed on it are granted in part, and the Defense Management Committee's objections are denied, for the reasons as set forth in this Order. The parties shall comply with all deadlines and dates set forth above.

**ORDERED** this 16 day of December, 2004, *nunc pro tunc*, to the Court's oral order of December 10, 2004 of record.

_____
Alan S. Gold
United States District Judge

c.c. per attached page.

U.S.A. VS. Battle, et. al., CASE NO. 04-20159 CR GOLD

cc: Magistrate Judge Chris M. McAliley

AUSA Maria J. Beguiristain
305.715.7640
305.715.7639 fax

AUSA Juan Antonio Gonzalez
305.715.7640
305.715.7639 fax

Jack Blumenfeld, Esquire
for Jose Miguel Battle, Sr.
9130 South Dadeland Blvd
Suite 1200
Miami, FL 33156
305.670.3311
305.670.7003 fax

Joaquin Perez, Esquire
for Luis DeVilliers, Sr.
6780 Coral Way
Second Floor
Miami, Florida 33155
305.261.4000
305.662.4067 fax

Joel Kaplan, Esquire for Jose M. Battle Jr.
100 N. Biscayne Blvd.
Suite 1100
Miami, Florida 33132
305.374.2111
305.374.0564 fax

Lisa Hanley Colon, Esquire
co-counsel for Jose M. Battle Jr.
100 N. Biscayne Blvd.
Suite 1100
Miami, Florida 33132
305.374.2112
305.374.0564 fax

John F. O'Donnell, Esq.
for Julio Acuna
2648 NE 26th Place
Ft. Lauderdale, FL. 33306
954.563.9993
954.563.9995 fax

Ruben M. Garcia, Esquire
for Gustavo Battle
1209 SE 3rd Avenue
Ft. Lauderdale, FL 33316-1905
954.462.4600
954.462.0828 fax

Oscar Rodriguez, Esquire
for Gumersindo Gonzalez
2400 S. Dixie Highway
Suite 200
Miami Florida 33133-3153
305.445.2000
305.854.8782 fax

Richard Moore, Esquire for Luis Perez
One NE 2nd Avenue
Suite 200
Miami, Florida 33132
305.373.2336
fax: 305.358.2503

Richard J. Diaz, Esquire
for ▮
3127 Ponce de Leon Blvd.
Coral Gables, FL 33134-6816
305.444.7181
305.444.8178 fax

Frank A. Rubino, Esquire
for Luis DeVilliers, Jr.
2601 South Bayshore Drive Suite 1400
Coconut Grove, FL 33133
305.858.5300
305.858.3100 fax

Curt D. Obront, Esquire
for Maurilio F. Marquez
200 South Biscayne Blvd.
Suite 2940
Miami, Florida 33131-2305
305.373.1040
305.373.2040 fax

U.S.A. VS. Battle, et. al.. CASE NO. 04-20159 CR GOLD

Jose R.E. Batista, Esquire
for Andres DeVilliers (local counsel)
Batista and Batista, P.A.
7171 Coral Way Suite 400
Miami, Florida 33155-1693
305.267.5139
305.267.4108 fax

Efren T. Irizarry Colon, Esquire
for Andres DeVilliers
552 Rotary Avenue
Arecibo, Puerto Rico 00613
787.878.0460/0442
787.878.8920 fax

Mauricio Aldazabal, Esquire for Jorge Davila
2655 LeJeune Road
Suite 1001
Coral Gables, FL 33134
305.569.9566
305.444.7578 fax

Emmanuel Perez, Esquire for Vivian Rydz
Two Alhambra Circle
Suite 508
Coral Gables, FL 33134
305.442.7442
305.441.9218 fax

Richard Docobo, Esquire for Jose Aluart
80 SW 8th Street Suite 2803
Miami, FL 33130
305.423.6868
305.536.6179 fax

AFPD Krista A. Halla for Jorge Nunez
305.350.7000
305.536.4559 fax

Jose Rafael Rodriguez, Esq.
for Norberto Fernandez
6367 Bird Road
Miami, Florida 33155-4825
305.667-4445
305.667.4118 fax

Reemberto Diaz, Esquire
for Argelio Jimenrez
2929 SW 3rdAvenue Ste 410
Miami Florida 33129-2770
305.446.0001
305.285.9110 fax

Jeffrey S. Weiner, Esquire
for Tomas Cabrerizo
Two Datran Center Suite 1910
9130 S Dadeland Blvd.
Miami, FL 33156-7818
305.670.9919
305.670.9299 fax

Neal R. Sonnett, Esquire
for Evelyn Maribel Runciman
One Biscayne Tower Ste 2600
2 South Biscayne Blvd.
Miami, FL 33131-1804
305.358.2000
305.358.1233 fax

Kenneth J. Kukec, Esquire
for Valerio Cerron
2 South Biscayne Blvd.
Suite 2600
Miami, Florida 33131-1804
305.358-2000
305.358.1233 fax

Lucy Lara, CJA Administrator