UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20159-CR-GOLD/BANDSTRA

THE UNITED STATES OF AMERICA

    Plaintiff,

v.

JOSE BATTLE, SR., et al.,

    Defendants.
_____/



## UNITED STATES' DISCLOSURE OF
## 7 DAY PROTECTED WITNESSES 23, 24, 25, 28, 29, 30, 31, AND 36

The United States of America, by and through its undersigned Assistant United States Attorneys, in accordance with this Court's August 24, 2005 Order on Government's Motion to Defer Discovery Identifying Certain Witnesses, hereby gives Notice that the following witnesses have been disclosed to the defendants on Friday, March 17, 2006. The witnesses are numbered in accordance with the Court's Order. The following discovery is also being provided to the defense:

### 7 DAY WITNESSES

23. Samy Fefer

    – Immunity Letter

24. Mario Masaveu

    – Immunity Letter

25. Ricardo Chang-Wong

    – Immunity Letter

28. Hans Bunte

    – Immunity Letter

29. Harold Marchena

    – Immunity Letter

    – The United States hereby gives notice that according to witness Harold Marchena's



attorney, Harold Marchena is under the belief that he is entitled to a portion of the monies forfeited by the United States in this case. The United States has made no such representation. The United States directs counsel to the pleadings filed by Mr. Marchena's attorney in the current case.

30. Jose Mendez

– Immunity Letter

– The United States hereby gives notice that according to witness Jose Mendez' attorney, Jose Mendez is under the belief that he is entitled to a portion of the monies forfeited by the United States in this case. The United States has made no such representation. The United States directs counsel to the pleadings filed by Mr. Mendez' attorney in the current case.

31. Juan Solano Loo

– Immunity Letter

36. Felix Fefer

– Immunity Letter

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: _____

Juan Antonio Gonzalez
David A. Haimes
Alicia E. Shick
Assistant United States Attorneys
Florida Bar No. 897388
Florida Bar No. 990116
Florida Bar No. 0124842
juan.antonio.gonzalez@usdoj.gov
david.haimes@usdoj.gov
alicia.shick@usdoj.gov
11200 North West 20th Street
Miami, Florida 33172
Tel. (305) 715-7640/7645; Fax: (305) 715-7639
Tel. (305) 961-9317

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of this pleading were sent this 17th day of March, 2006, by e-mail and by United States mail to the counsel of record listed below.

_____
Juan A. Gonzalez
Assistant United States Attorney

Jack R. Blumenfeld, Esquire
**Attorney for Jose Miguel Battle, Sr.**
9130 South Dadeland Boulevard
Suite 1200
Miami, Florida 33156

Maria del Carmen Calzon
**Attorney for Manuel Marquez**
1050 Spring Garden Road
Miami, Florida 33136

Joel Kaplan, Esquire
Lisa Hanley Colon, Esq.
**Attorney for Jose Miguel Battle, Jr.**
100 North Biscayne Boulevard
Suite 1100
Miami, Florida 33132

John Francis O'Donnell, Esquire
**Attorney for Julio Acuna**
2850 North Andrews Avenue
Ft. Lauderdale, Florida 33311

Ruben M. Garcia, Esquire
**Attorney for Gustavo Battle**
1209 Southeast 3rd Avenue
Ft. Lauderdale, Florida 33316

Reemberto Diaz, Esquire
**Attorney for Argelio Jimenez**
2929 Southwest 3rd Avenue
Suite 410
Miami, Florida 33129

**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 536-4471*

July 1, 200

Samy Fefer
c/o Detective David Shanks

Dear Mr. Fefer:

It is my understanding from the conversation I had with Detective David Shanks that you have consented to be interviewed concerning certain matters which are currently under investigation by the Government. The purpose of this agreement is to provide you with the opportunity to discuss these matters freely and candidly within the framework of the protections set forth below, while at the same time avoiding any restrictions on the part of the Government to make derivative use of the statements you make or documents which you produce in the course thereof should you be charged with any crimes in the future.

This letter sets forth the ground rules governing interviews and testimony consented to by you, and confirms our agreement regarding the "use immunity" that will be bestowed upon you during such interviews and testimony:

1. You have knowingly and voluntarily agreed to an interview or interviews and have agreed to answer all questions, and provide all information, in a candid and completely truthful manner.

2. No statements made by you during the interviews will be used against you in any criminal case, except as provided in paragraphs 3 and 4 below. However, no immunity will be bestowed for any acts of violence committed by you.

3. The Government may make derivative use of and may pursue any investigative leads resulting from any statements or other information provided by you. This provision is necessary in order to eliminate the necessity for a Kastigar hearing at which the Government would have to prove that the evidence it would introduce at trial is not tainted by any statements or other information provided by you.

4. In the event that you appear as a witness in any subsequent proceeding, either at a trial in which the United States is a party or at a future grand jury session, and offer testimony different from any statements made or other information provided during the interviews, an attorney for the Government may cross-examine you and/or introduce testimony in rebuttal concerning any statements made or other information provided during the interviews. In addition, the Government expressly reserves the right to charge you with knowingly making a false statement to a government agency, obstruction of justice and/or perjury in the event that

452-00547

any statements or other information provided by you is not truthful. This provision is necessary in order to assure that you do not make materially false statements during the interviews and does not commit perjury when testifying.

   5. It is expressly understood that this letter does not, in any way, impart "transactional immunity" or "derivative use immunity" on you.

   6. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is specifically understood and agreed that this office is under no obligation to offer you any consideration as a result of your participation in the debriefing.

   If these assurances and conditions are acceptable to you, please sign this letter to indicate your consent and agreement.

                              Sincerely,

                              GUY A. LEWIS
                              UNITED STATES ATTORNEY

                         By: _____
                              JUAN A. GONZALEZ, JR.
                              ASSISTANT UNITED STATES ATTORNEY

   I have received this letter, have read it and understand it, and I hereby acknowledge that it fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida. I state that there have been no additional promises or representations made to me by any official of the United States Government in connection with this matter.

_____                    DATED: July ___, 2002
Samy Pefer

**452-00548**



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

99 N.E. 4 Street
Miami, FL 33132
(305) 536-4471

September 17, 2001

Mario Fernando Masaveu
c/o Detective David Shanks
Miami-Dade Police Department

Dear Mr. Masaveu:

It is my understanding from the conversation I had with Detective David Shanks that you have consented to be interviewed concerning certain matters which are currently under investigation by the Government. The purpose of this agreement is to provide you with the opportunity to discuss these matters freely and candidly within the framework of the protections set forth below, while at the same time avoiding any restrictions on the part of the Government to make derivative use of the statements you make or documents which you produce in the course thereof should you be charged with any crimes in the future.

This letter sets forth the ground rules governing interviews and testimony consented to by you, and confirms our agreement regarding the "use immunity" that will be bestowed upon you during such interviews and testimony:

1. You have knowingly and voluntarily agreed to an interview or interviews and have agreed to answer all questions, and provide all information, in a candid and completely truthful manner.

2. No statements made by you during the interviews will be used against you in any criminal case, except as provided in paragraphs 3 and 4 below. However, no immunity will be bestowed for any acts of violence committed by you.

3. The Government may make derivative use of and may pursue any investigative leads resulting from any statements or other information provided by you. This provision is necessary in order to eliminate the necessity for a Kastigar hearing at which the Government would have to prove that the evidence it would introduce at trial is not tainted by any statements or other information provided by you.

4. In the event that you appear as a witness in any subsequent proceeding, either at a trial in which the United States is a party or at a future grand jury session, and offer testimony different from any statements made or other information provided during the interviews, an attorney for the Government may cross-examine you and/or introduce testimony in rebuttal concerning any statements made or other information provided during the interviews. In addition, the Government expressly reserves the right to charge you with knowingly making a false statement to a government agency, obstruction of justice and/or perjury in the event that

452-00549

any statements or other information provided by you is not truthful. This provision is necessary in order to assure that you do not make materially false statements during the interviews and does not commit perjury when testifying.

5. It is expressly understood that this letter does not, in any way, impart "transactional immunity" or "derivative use immunity" on you.

6. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is specifically understood and agreed that this office is under no obligation to offer you any consideration as a result of your participation in the debriefing.

If these assurances and conditions are acceptable to you, please sign this letter to indicate your consent and agreement.

Sincerely,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
JUAN A. GONZALEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

I have received this letter, have read it and understand it, and I hereby acknowledge that it fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida. I state that there have been no additional promises or representations made to me by any official of the United States Government in connection with this matter.

_____
Mario Fernando Massavou

DATED: September ___, 2001

452-00550

*United States Attorney*
*Southern District of Florida*

99 N.E. 4 Street
Miami, FL 33132
(305) 536-4471

September 24, 2001

Ricardo Chang-Wong
c/o Detective David Shanks

Dear Mr. Chang-Wong:

It is my understanding from the conversation I had with Detective David Shanks that you have consented to be interviewed concerning certain matters which are currently under investigation by the Government. The purpose of this agreement is to provide you with the opportunity to discuss these matters freely and candidly within the framework of the protections set forth below, while at the same time avoiding any restrictions on the part of the Government to make derivative use of the statements you make or documents which you produce in the course thereof should you be charged with any crimes in the future.

This letter sets forth the ground rules governing interviews and testimony consented to by you, and confirms our agreement regarding the "use immunity" that will be bestowed upon you during such interviews and testimony:

1. You have knowingly and voluntarily agreed to an interview or interviews and have agreed to answer all questions, and provide all information, in a candid and completely truthful manner.

2. No statements made by you during the interviews will be used against you in any criminal case, except as provided in paragraphs 3 and 4 below. However, no immunity will be bestowed for any acts of violence committed by you.

3. The Government may make derivative use of and may pursue any investigative leads resulting from any statements or other information provided by you. This provision is necessary in order to eliminate the necessity for a <u>Kastigar</u> hearing at which the Government would have to prove that the evidence it would introduce at trial is not tainted by any statements or other information provided by you.

4. In the event that you appear as a witness in any subsequent proceeding, either at a trial in which the United States is a party or at a future grand jury session, and offer testimony different from any statements made or other information provided during the interviews, an attorney for the Government may cross-examine you and/or introduce testimony in rebuttal concerning any statements made or other information provided during the interviews. In addition, the Government expressly reserves the right to charge you with knowingly making a false statement to a government agency, obstruction of justice and/or perjury in the event that

**452-00551**

any statements or other information provided by you is not truthful. This provision is necessary in order to assure that you do not make materially false statements during the interviews and does not commit perjury when testifying.

5. It is expressly understood that this letter does not, in any way, impart "transactional immunity" or "derivative use immunity" on you.

6. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is specifically understood and agreed that this office is under no obligation to offer you any consideration as a result of your participation in the debriefing.

If these assurances and conditions are acceptable to you, please sign this letter to indicate your consent and agreement.

Sincerely,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
JUAN A. GONZALEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

I have received this letter, have read it and understand it, and I hereby acknowledge that it fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida. I state that there have been no additional promises or representations made to me by any official of the United States Government in connection with this matter.

_____
Ricardo Chang-Wong

DATED: September 26, 2001

452-00552

**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

99 N.E. 4 Street
Miami, FL 33132
(305) 536-4471

May 28, 2002

Robert P. Lithman, Esq.
Robert P. Lithman, P.A.
2250 Southwest 3rd Avenue
Fifth Floor
Miami, Fl 33129

Via FAX: 305-854-6810

Re: Hans J. Bunte

Dear Mr. Lithman:

   It is my understanding from the conversation we have had that Hans J. Bunte has consented to be interviewed concerning certain matters which are currently under investigation by the Government. The purpose of this agreement is to provide your client with the opportunity to discuss these matters freely and candidly within the framework of the protections set forth below, while at the same time avoiding any restrictions on the part of the Government to make derivative use of the statements he makes or documents which he produces in the course thereof should he be charged with any crimes in the future.

   This letter sets forth the ground rules governing interviews and testimony consented to by Hans J. Bunte, and confirms our agreement regarding the "use immunity" that will be bestowed upon Hans J. Bunte during such interviews and testimony:

   1. Hans J. Bunte has knowingly and voluntarily agreed to an interview or interviews after full consultation with his attorney, and has agreed to answer all questions, and provide all information, in a candid and completely truthful manner.

   2. No statements made by Hans J. Bunte during the interviews will be used against Hans J. Bunte in any criminal case, except as provided in paragraphs 3 and 4 below. However, no immunity will be bestowed for any acts of violence committed by Hans J. Bunte.

   3. The Government may make derivative use of and may pursue any investigative leads resulting from any statements or other information provided by Hans J. Bunte. This provision is necessary in order to eliminate the necessity for a Kastigar hearing at which the Government would have to prove that the evidence it would introduce at trial is not tainted by any statements or other information provided by Hans J. Bunte.

   4. In the event Hans J. Bunte appears as a witness in any subsequent proceeding, either

452-00557

at a trial in which the United States is a party or at a future grand jury session, and offers testimony different from any statements made or other information provided during the interviews, an attorney for the Government may cross-examine Hans J. Bunte and/or introduce testimony in rebuttal concerning any statements made or other information provided during the interviews. In addition, the Government expressly reserves the right to charge Hans J. Bunte with knowingly making a false statement to a government agency, obstruction of justice and/or perjury in the event that any statements or other information provided by Hans J. Bunte are not truthful. This provision is necessary in order to assure that Hans J. Bunte does not make materially false statements during the interviews and does not commit perjury when testifying.

     5. It is expressly understood that this letter does not, in any way, impart "transactional immunity" or "derivative use immunity" on Hans J. Bunte.

     6. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is specifically understood and agreed that this office is under no obligation to offer Hans J. Bunte any consideration as a result to his participation in the debriefing.

     If these assurances and conditions are acceptable to you and Hans J. Bunte, please sign this letter to indicate your consent and agreement.

                    Sincerely,

                    GUY A. LEWIS
                    UNITED STATES ATTORNEY

                    By: _____
                    JUAN A. GONZALEZ, JR.
                    ASSISTANT UNITED STATES ATTORNEY

     I have received this letter from my attorney, Robert P. Lithman, Esq., have read it and discussed it with him, and I hereby acknowledge that it fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida. I state that there have been no additional promises or representations made to me by any official of the United States Government or by my attorney in connection with this matter.

_____           DATED: May 3, 2002
Hans J. Bunte

_____           DATED: May___, 2002
Robert P. Lithman, Esq.
Counsel for Hans J. Bunte

452-00558

U.S. Department of Justice

*United States Attorney*
*Southern District of Florida*

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 536-4471*

June 24, 2002

John Spittler, Esq.

Re: Harold Marchena

Dear Mr. Spittler:

It is my understanding from the conversation we have had that Harold Marchena has consented to be interviewed concerning certain matters which are currently under investigation by the Government. The purpose of this agreement is to provide your client with the opportunity to discuss these matters freely and candidly within the framework of the protections set forth below, while at the same time avoiding any restrictions on the part of the Government to make derivative use of the statements he makes or documents which he produces in the course thereof should he be charged with any crimes in the future.

This letter sets forth the ground rules governing interviews and testimony consented to by Harold Marchena, and confirms our agreement regarding the "use immunity" that will be bestowed upon Harold Marchena during such interviews and testimony:

1. Harold Marchena has knowingly and voluntarily agreed to an interview or interviews after full consultation with his attorney, and has agreed to answer all questions, and provide all information, in a candid and completely truthful manner.

2. No statements made by Harold Marchena during the interviews will be used against Harold Marchena in any criminal case, except as provided in paragraphs 3 and 4 below. However, no immunity will be bestowed for any acts of violence committed by Harold Marchena.

3. The Government may make derivative use of and may pursue any investigative leads resulting from any statements or other information provided by Harold Marchena. This provision is necessary in order to eliminate the necessity for a Kastigar hearing at which the Government would have to prove that the evidence it would introduce at trial is not tainted by any statements or other information provided by Harold Marchena.

4. In the event Harold Marchena appears as a witness in any subsequent proceeding, either at a trial in which the United States is a party or at a future grand jury session, and offers testimony different from any statements made or other information provided during the interviews, an attorney for the Government may cross-examine Harold Marchena and/or introduce testimony in rebuttal concerning any statements made or other information provided during the interviews. In addition, the Government expressly reserves the right to charge Harold Marchena with knowingly making a false statement to a government agency,

452-00559

obstruction of justice and/or perjury in the event that any statements or other information provided by Harold Marchena are not truthful. This provision is necessary in order to assure that Harold Marchena does not make materially false statements during the interviews and does not commit perjury when testifying.

     5. It is expressly understood that this letter does not, in any way, impart "transactional immunity" or "derivative use immunity" on Harold Marchena .

     6. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is specifically understood and agreed that this office is under no obligation to offer Harold Marchena any consideration as a result to his participation in the debriefing.

     7. The parameters set forth in ths letter shall apply to all past and future interviews with Harold Marchena unless otherwise indicated.

     If these assurances and conditions are acceptable to you and Harold Marchena , please sign this letter to indicate your consent and agreement.

                     Sincerely,

                     GUY A. LEWIS
                     UNITED STATES ATTORNEY

By: _____
     JUAN A. GONZALEZ, JR.
     ASSISTANT UNITED STATES ATTORNEY

     I have received this letter from my attorney, John Spittler, Esq., have read it and discussed it with him, and I hereby acknowledge that it fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida. I state that there have been no additional promises or representations made to me by any official of the United States Government or by my attorney in connection with this matter.

_____                     DATED: June 24, 2002
Harold Marchena

_____                     DATED: June 24, 2002
John Spittler, Esq.
Counsel for Harold Marchena

452-00560

U.S. Department of Justice

*United States Attorney*
*Southern District of Florida*

99 N.E. 4 Street
Miami, FL 33132
(305) 536-4471

June 24, 2002

John Spittler, Esq.

Re: Jose Mendez

Dear Mr. Spittler:

It is my understanding from the conversation we have had that Jose Mendez has consented to be interviewed concerning certain matters which are currently under investigation by the Government. The purpose of this agreement is to provide your client with the opportunity to discuss these matters freely and candidly within the framework of the protections set forth below, while at the same time avoiding any restrictions on the part of the Government to make derivative use of the statements he makes or documents which he produces in the course thereof should he be charged with any crimes in the future.

This letter sets forth the ground rules governing interviews and testimony consented to by Jose Mendez, and confirms our agreement regarding the "use immunity" that will be bestowed upon Jose Mendez during such interviews and testimony:

1. Jose Mendez has knowingly and voluntarily agreed to an interview or interviews after full consultation with his attorney, and has agreed to answer all questions, and provide all information, in a candid and completely truthful manner.

2. No statements made by Jose Mendez during the interviews will be used against Jose Mendez in any criminal case, except as provided in paragraphs 3 and 4 below. However, no immunity will be bestowed for any acts of violence committed by Jose Mendez.

3. The Government may make derivative use of and may pursue any investigative leads resulting from any statements or other information provided by Jose Mendez. This provision is necessary in order to eliminate the necessity for a <u>Kastigar</u> hearing at which the Government would have to prove that the evidence it would introduce at trial is not tainted by any statements or other information provided by Jose Mendez.

4. In the event Jose Mendez appears as a witness in any subsequent proceeding, either at a trial in which the United States is a party or at a future grand jury session, and offers testimony different from any statements made or other information provided during the interviews, an attorney for the Government may cross-examine Jose Mendez and/or introduce testimony in rebuttal concerning any statements made or other information provided during the interviews. In addition, the Government expressly reserves the right to charge Jose Mendez with knowingly making a false statement to a government agency, obstruction of justice and/or perjury in the event that any statements or other information provided by Jose

452-00561

Mendez are not truthful. This provision is necessary in order to assure that Jose Mendez does not make materially false statements during the interviews and does not commit perjury when testifying.

     5. It is expressly understood that this letter does not, in any way, impart "transactional immunity" or "derivative use immunity" on Jose Mendez.

     6. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is specifically understood and agreed that this office is under no obligation to offer Jose Mendez any consideration as a result to his participation in the debriefing.

     7. The parameters set forth in ths letter shall apply to all past and future interviews with Jose Mendez unless otherwise indicated.

     If these assurances and conditions are acceptable to you and Jose Mendez, please sign this letter to indicate your consent and agreement.

     Sincerely,

     GUY A. LEWIS
     UNITED STATES ATTORNEY

     By: _____
     JUAN A. GONZALEZ, JR.
     ASSISTANT UNITED STATES ATTORNEY

I have received this letter from my attorney, John Spittler, Esq., have read it and discussed it with him, and I hereby acknowledge that it fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida. I state that there have been no additional promises or representations made to me by any official of the United States Government or by my attorney in connection with this matter.

_____     DATED: June 24, 2002
Jose Mendez

_____     DATED: June 24, 2002
John Spittler, Esq.
Counsel for Jose Mendez

452-00562



*United States Attorney*
*Southern District of Florida*

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 536-4471*

November 14, 2002

Juan Solano Loo
c/o Detective David Shanks
Miami-Dade Police Department

*DH* Solano

Dear Mr. Loo:

It is my understanding from the conversation I had with Detective David Shanks that you have consented to be interviewed concerning certain matters which are currently under investigation by the Government. The purpose of this agreement is to provide you with the opportunity to discuss these matters freely and candidly within the framework of the protections set forth below, while at the same time avoiding any restrictions on the part of the Government to make derivative use of the statements you make or documents which you produce in the course thereof should you be charged with any crimes in the future.

This letter sets forth the ground rules governing interviews and testimony consented to by you, and confirms our agreement regarding the "use immunity" that will be bestowed upon you during such interviews and testimony:

1. You have knowingly and voluntarily agreed to an interview or interviews and have agreed to answer all questions, and provide all information, in a candid and completely truthful manner.

2. No statements made by you during the interviews will be used against you in any criminal case, except as provided in paragraphs 3 and 4 below. However, no immunity will be bestowed for any acts of violence committed by you.

3. The Government may make derivative use of and may pursue any investigative leads resulting from any statements or other information provided by you. This provision is necessary in order to eliminate the necessity for a <u>Kastigar</u> hearing at which the Government would have to prove that the evidence it would introduce at trial is not tainted by any statements or other information provided by you.

4. In the event that you appear as a witness in any subsequent proceeding, either at a trial in which the United States is a party or at a future grand jury session, and offer testimony different from any statements made or other information provided during the interviews, an attorney for the Government may cross-examine you and/or introduce testimony in rebuttal concerning any statements made or other information provided during the interviews. In addition, the Government expressly reserves the right to charge you with

**452-00563**

knowingly making a false statement to a government agency, obstruction of justice and/or perjury in the event that any statements or other information provided by you is not truthful. This provision is necessary in order to assure that you do not make materially false statements during the interviews and does not commit perjury when testifying.

   5. It is expressly understood that this letter does not, in any way, impart "transactional immunity" or "derivative use immunity" on you.

   6. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is specifically understood and agreed that this office is under no obligation to offer you any consideration as a result of your participation in the debriefing.

   If these assurances and conditions are acceptable to you, please sign this letter to indicate your consent and agreement.

                    Sincerely,

                    MARCOS DANIEL JIMENEZ
                    UNITED STATES ATTORNEY

                    By: _____
                    JUAN A. GONZALEZ, JR.
                    ASSISTANT UNITED STATES ATTORNEY

   I have received this letter, have read it and understand it, and I hereby acknowledge that it fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida. I state that there have been no additional promises or representations made to me by any official of the United States Government in connection with this matter.

_____                    DATED: November 26, 2002
Juan Solano Loo

**452-00564**

**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 536-4471*

September 24, 2001

Felix Fefer
c/o Detective David Shanks

Dear Mr. Fefer:

It is my understanding from the conversation I had with Detective David Shanks that you have consented to be interviewed concerning certain matters which are currently under investigation by the Government. The purpose of this agreement is to provide you with the opportunity to discuss these matters freely and candidly within the framework of the protections set forth below, while at the same time avoiding any restrictions on the part of the Government to make derivative use of the statements you make or documents which you produce in the course thereof should you be charged with any crimes in the future.

This letter sets forth the ground rules governing interviews and testimony consented to by you, and confirms our agreement regarding the "use immunity" that will be bestowed upon you during such interviews and testimony:

1. You have knowingly and voluntarily agreed to an interview or interviews and have agreed to answer all questions, and provide all information, in a candid and completely truthful manner.

2. No statements made by you during the interviews will be used against you in any criminal case, except as provided in paragraphs 3 and 4 below. However, no immunity will be bestowed for any acts of violence committed by you.

3. The Government may make derivative use of and may pursue any investigative leads resulting from any statements or other information provided by you. This provision is necessary in order to eliminate the necessity for a <u>Kastigar</u> hearing at which the Government would have to prove that the evidence it would introduce at trial is not tainted by any statements or other information provided by you.

4. In the event that you appear as a witness in any subsequent proceeding, either at a trial in which the United States is a party or at a future grand jury session, and offer testimony different from any statements made or other information provided during the interviews, an attorney for the Government may cross-examine you and/or introduce testimony in rebuttal concerning any statements made or other information provided during the interviews. In addition, the Government expressly reserves the right to charge you with knowingly making a false statement to a government agency, obstruction of justice and/or perjury in the event that

**452-00581**

any statements or other information provided by you is not truthful. This provision is necessary in order to assure that you do not make materially false statements during the interviews and does not commit perjury when testifying.

5. It is expressly understood that this letter does not, in any way, impart "transactional immunity" or "derivative use immunity" on you.

6. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is specifically understood and agreed that this office is under no obligation to offer you any consideration as a result of your participation in the debriefing.

If these assurances and conditions are acceptable to you, please sign this letter to indicate your consent and agreement.

Sincerely,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:_____
JUAN A. GONZALEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

I have received this letter, have read it and understand it, and I hereby acknowledge that it fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida. I state that there have been no additional promises or representations made to me by any official of the United States Government in connection with this matter.

_____            DATED: September ___, 2001
Felix Fefer

**452-00582**